Dear Representative Downs:
You have asked this office to advise whether the Louisiana Ground Water Commission has the authority to approve or reject the orders of the Commissioner of Conservation regarding wells, aquifers, and groundwater issues.
The provisions of the Ground Water Resources Management Act are found at R.S. 38:3097.1, et seq. R.S. 38:3097.3(C) states that the commissioner of conservation is empowered to make any "rules, regulations, and orders" for the following purposes:
 (1) Do all things necessary to prevent waste of water resources.
 (2) Prevent or alleviate damaging or potentially damaging salt water movement or water level decline and loss of sustainability in the state's aquifers in accordance with Paragraph (4) of this Subsection.
 (3) Prevent subsidence of the land surface caused by the withdrawal of ground water within the state in accordance with Paragraph (4) of this Subsection.
 (4) (a) Require registration of all new wells by the owners. Such registration shall at a minimum require the date drilled or the estimated date to be drilled, the name of the driller, the current ownership, and the projected location of the well in latitude, longitude, and depth, and casing size together with such other information as the commissioner may reasonably require. The commissioner and the Department of Transportation and Development shall cooperate to ensure the efficient and effective collection of well data. Registration shall be in the form of a notice of intent to drill submitted to the commissioner at least sixty days prior to drilling the well, except for the following types of wells which shall be registered to later than sixty days after completing the well:
 (i) Domestic well.
 (ii) Replacement well.
 (iii) Drilling rig supply well, used only for the duration of the oil and gas drilling operation at the drilling location where cited for the immediate needs of rig operations.
 (iv) Drought relief wells.
 (v) All other wells the commissioner exempts for just cause.
 (b) Within thirty days of receiving the well registration, the commissioner shall review the submitted information. During the thirty-day review period, the commissioner may either issue an order to the owner placing restrictions on the well or requesting further reasonable information on the well or may take no action. Prior to any order placing restriction on a well, the commissioner shall determine, on the basis of good management practices and sound science, that such action is necessary to prevent adverse impacts to the sustainability of the aquifer from which the proposed well is to produce. An order placing restrictions on spacing may also be issued to avoid direct adverse impacts to existing wells. Restrictions and requests for information shall be subject to the following:
 (i) For large volume wells or wells within a critical ground water area, the commissioner may issue to the owner of such well an order fixing allowable production, spacing, and metering necessary to properly manager the state's ground water resources consistent with R.S. 38:3097.6(B)(3). Before issuing any order placing restrictions on a well outside a critical ground water area, the commissioner shall consider a well owner's efforts to develop alternate water sources.
 (ii) For all other wells located outside a critical ground water area, an order issued by the commissioner may only fix spacing of the well.
 (iii) If more information is requested, the commissioner shall have an additional thirty days after receiving the additional information for review. The commissioner's request for further information may be appealed to the commission to determine the reasonableness of the request. Such determination shall be made within forty-five days from the date of the appeal.
 (5) Determine areas of ground water concern and designate critical areas of ground water concern in accordance with R.S. 38:3097.6.
 (6) Collect data with respect to water wells and water resources.
 (7) Continue development of a statewide ground water resource management program that shall include but not be limited to evaluation of the state's water resources including current and projected demands; development of a water use conservation program; study of alternatives of ground water use, such as surface water to include treatment and transmission system, and reclaimed water; incentives for conservation; use of alternative technologies; and education and conservation programs. The plan should stress conservation as the primary mechanism for the protection of the state's ground water resources.
 (8) Develop a contingency plan to respond to a ground water emergency. Such a plan shall provide that ground water needed for human consumption shall have the highest priority. If the commissioner declares a ground water emergency, he shall define the geographical extent of the area included in the emergency by rule or order, may retain personnel or let contracts as necessary with persons who shall operate under his direction to abate the emergency conditions, and may fix the allowable production spacing, and depth for wells within the are in such a way that the combined production of ground water will not have long-term adverse effects on the aquifer.
 (9) Authorize the temporary use of drought relief wells for agricultural use in times of drought upon a determination that sufficient water resources are otherwise not available. The commissioner shall fix the allowable production, spacing, and depth for such wells in the issuance of an emergency order in such a way that the combined production of ground water from such wells will not have long-term adverse effects on the aquifer.
 (10) Enter interagency agreements and interstate compacts in order to manager ground water resources. Such interstate compacts shall only be entered upon approval of the House Committee on the Environment and the Senate Committee on Environmental Quality.
 D. Any rule or regulation promulgated or any critical ground water area declared by the Ground Water Management Commission pursuant to authority granted by Act No. 446 of the 2001 Regular Session shall remain in effect until July 1, 2004, or until such time as the commissioner promulgates rules pursuant to this Section or reviews any previously declared critical area.
R.S. 38:3097.1(4)(b) quoted above instructs that with regard to wells, the commissioner is authorized to issue an order placing restrictions on the well, or he may request further information on the well, or he may take no action. R.S. 38:3097.1(4)(b)(iii) further dictates that the groundwater commission may review the reasonableness of the commissioner's request for further information regarding a new well registration. R.S. 38:3097.4(D) also empowers the commission to approve or reject orders of the commissioner placing restrictions on wells and states:
D. The commission shall have the authority to do thefollowing:
 (1) Review and approve or reject any orders of the commissioner placing restrictions on wells upon petition by the owner of the affected well or proposed well or any owner of a well in the same aquifer which may be adversely impacted by the well in question. In reviewing such decisions the commissioner shall not serve as a voting member of the commission. The order of the commissioner shall be rejected only if the commission concludes, after a review of the record, that a reasonable factual basis does not exist for the commissioner's decision. Rejected orders shall be returned to the commissioner for reconsideration. An order that has been returned to the commissioner twice shall be considered a final decision and eligible for judicial review pursuant to R.S. 38:3097.5.
With respect to the commissioner's authority vis-à-vis the status of aquifers and general groundwater issues, R.S. 38:3097.6
provides:
 § 3097.6. Determination of critical ground water area
 A. Any owner of a well that is significantly and adversely affected as a result of the movement of a salt water front, water level decline, or subsidence in or from the aquifer drawn on by such well shall have the right to file an application to request the commissioner to declare that an area underlain by such aquifer is a critical ground water area. Such application shall contain a statement of facts and supporting evidence substantiating the area may be a critical ground water area as defined in R.S. 38:3097.2. On the basis of the application, good management practices and sound science, the commissioner shall either deny the request, in writing, or issue a draft order which describes the proposed boundaries of the critical ground water area. If the commissioner issues a draft order describing the proposed boundaries of the critical ground water area, the commissioner shall hold at least one public hearing in the locality of the proposed boundaries.
 B. After holding hearings, the commissioner shall issue a written decision based on good management practices and scientifically sound data gathered from the application, the participants in the public hearing, and any other relevant information. If the commissioner has determined that a critical ground water area exists, his decision shall be in the form of an order that shall describe the boundaries of the area which is determined to be a critical ground water area. The order shall also contain a plan to preserve and manage the ground water resources in that area which may include but is not limited to the following:
 (1) Educational and conservation programs.
 (2) Incentives to reduce ground water use.
 (3) Restrictions on the amount of withdrawals by any or all users in the area. If restrictions on withdrawals are imposed, the commissioner shall consider the following:
 (a) Ground water needed for human consumption and public health and safety shall have the highest priority.
 (b) Uses other than human consumption and public health and safety shall have equal priority.
 (c) Historical use.
 (d) Ability, including economic ability, of a particular user to relocate to an alternative source of water.
 (e) User's conservation efforts and actual reductions in water usage, taking into account historic ground water production.
R.S. 38:3097.6 quoted above indicates that the commissioner has the authority to issue orders concerning the status of aquifers and further reflects that he has authority to issue orders designating an area as an area of ground water concern.
A review of R.S. 38:3097.4 pertaining to the powers allocated the groundwater commission reflect an absence of authority to approve or reject the orders of the commissioner concerning areas of ground water concern. Thus, we conclude that the groundwater commission's authority is limited to approving or rejecting the commissioner's orders that pertain only to restrictions on wells or proposed wells in an aquifer pursuant to R.S. 38:3097.4.
Note that those provisions of the Ground Water Resources Management Act quoted herein include recent amendments to the law made by the legislature in Act 225 of the 2005 Regular Legislative Session.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL